

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-16-2007

# Gul v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5048

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gul v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1460.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1460

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5048

———————

MIAN GUL,

Petitioner

v.

ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———————

Petition for Review of the Order
of the Board of Immigration Appeals
(Agency No. A79-731-119)
Immigration Judge: Jill H. Dufresne

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 6, 2007

Before: SLOVITER and AMBRO, Circuit Judges,
and THOMPSON*, District Judge

(Filed: March 16, 2007)

———————

*     Hon. Anne E. Thompson, United States District Judge for the District of New
Jersey, sitting by designation.

OPINION

THOMPSON, <u>District Judge</u>.

Gul Mian[1] petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the determination of the Immigration Judge ("IJ") denying Petitioner's application for asylum, withholding of removal pursuant to the Immigration and Nationality Act ("INA"), and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

## I.

Petitioner is a native and citizen of Pakistan. On June 22, 2001, he lawfully entered Houston, Texas, as a crew member of a ship and was authorized to remain in the United States by a C-1 transit visa until his ship left port, but not to exceed twenty-nine days from his entry. Petitioner's ship left port without him and he remained in the United States thereafter. On September 19, 2002, the Immigration and Naturalization Service (the "INS") brought a removal proceeding against Petitioner and the IJ served him with a Notice to Appear. At the removal hearing, Petitioner conceded removability and acknowledged that he had not filed an asylum application. The IJ ordered Petitioner to file an asylum application. In the application, Petitioner admitted that he was in the

---

[1]    Although Mr. Mian's name appears to have been reversed in the case caption, his testimony during the hearing confirmed that his name is Gul Mian, not Mian Gul.

United States because he "missed [his] ship," that he "did not intend to stay unlawfully," and that he was unaware that he needed to file an application to stay. (A.R. 52.) The IJ directed Petitioner to submit evidence justifying his delay in applying for asylum, which he did not do. Therefore, the IJ held a hearing addressing only withholding of removal and relief under the CAT, as Petitioner conceded these were the only issues before the court.

At the hearing, Petitioner testified that while living in Swat, Pakistan, in January, 1978, he spoke out against a religious group called the Nafazi Shahriat. This group used the mosque he prayed in as a forum for political speeches, and Petitioner told them this was improper. Shortly thereafter, the group attacked Petitioner, beating him severely and shooting him in the leg, causing him to be hospitalized for three months. He still bears several scars from the incident.

When Petitioner left the hospital, he fled to Karachi and never reported the incident to the police, fearing the group would kill him. He continued to live in Karachi, working intermittently for twenty-three years on large ships and tug boats. During that period, Petitioner never had another incident with Nafazi Shahriat, and never saw anyone from the group.

At the conclusion of the testimony, the IJ issued an opinion finding that Petitioner failed to demonstrate he endured persecution under one of the five statutory bases as provided in the withholding of removal statute and that he failed to qualify for relief under the CAT. Further, the IJ concluded that Petitioner failed to prove a likelihood that

3

he would be harmed should he return to Pakistan.

On appeal, the BIA affirmed without an opinion.

## II.

Petitioner has filed a petition for review of the IJ's ruling. As an initial matter, the Court notes that it does not have jurisdiction to review the denial of Petitioner's asylum application because the IJ determined it "was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances." Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003); see also 8 U.S.C. § 1158(a)(3). The Court does have jurisdiction to review the denial of Petitioner's claim for withholding of removal and relief under the CAT.

Where, as here, the BIA summarily affirms an IJ's decision, the Court reviews the IJ's decision itself. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). The IJ's decision should be upheld if it was supported by "reasonable, substantial and probative evidence on the record considered as a whole" and overturned where the evidence "is so compelling that no reasonable factfinder could conclude" as the IJ did. Mulanga v. Ashcroft, 349 F.3d 123, 131 (3d Cir. 2003) (citations omitted). Under this standard, the IJ's finding must be upheld unless "the evidence not only supports" a contrary conclusion, "but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992) (emphasis in original).

For withholding of removal under 8 U.S.C. § 1231(b)(3)(A), an alien must demonstrate "a clear probability" of persecution to avoid deportation. Chang v. INS, 119

4

F.3d 1055, 1066 (3d Cir. 1997). In other words, an alien must show it is "more likely than not" that because of "race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1231(b)(3)(A), he will be subjected to "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Li Wu Lin v. INS, 238 F.3d 239, 244 (3d Cir. 2001); Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). For relief under the CAT, an alien bears the burden of showing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." August v. Ridge, 395 F.3d 123, 151 (3d Cir. 2005).

The Court concludes that substantial evidence supports the IJ's finding that the Nafazi Shahriat attack, twenty-eight years ago, did not amount to persecution. See, e.g., Fatin, 12 F.3d at 1243 (stating "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive"). The record fails to establish that the group was tied to or supported by the Pakistani government or was one that the government was "unable or unwilling to control." See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Petitioner testified that the group was not supported by the government, stating Nafazi Shahriat gave speeches in his mosque because the government had prohibited them from making speeches in public. The Nafazi Shahriat attack against Petitioner was a criminal act, not persecution warranting withholding his removal.

Further, Petitioner failed to carry his burden of showing that it is more likely than not he will be subject to persecution should he return. He lived without incident in Karachi for twenty-three years without suffering another attack of any kind. Based on

5

these facts, this Court finds the record lacks any evidence to show that his life or freedom will be threatened should he return to Pakistan.  See, e.g., <u>Wang v. Gonzalez</u>, 405 F.3d 134, 144 (3d Cir. 2005).

Further Petitioner's claim under the CAT also must fail as there is no evidence in the record to compel the conclusion that it is more likely than not that Petitioner will be tortured if returned to Pakistan.  <u>See</u> <u>id.</u>  Accordingly, we will deny the Petition for Review.